UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DEN BESTE,<br><br>    Appellant,<br><br>    v.<br><br>DONALD LEWIN,<br><br>    Appellee.<br>_____/<br><br>PAUL DEN BESTE,<br><br>    Appellant,<br><br>    v.<br><br>JOHN F. DE MEO, BRADFORD J. DE MEO,<br><br>    Appellees.<br>_____/ | No. C-12-1625 EMC<br><br>No. C-12-1626 EMC<br><br>**CONSOLIDATED CASES**<br><br>**ORDER (1) AFFIRMING BANKRUPTCY COURT'S ORDER DISMISSING COMPLAINT AND AMENDED COMPLAINT AND DENYING MOTION FOR FURTHER FINDINGS; AND (2) DENYING MOTION TO SET ASIDE SONOMA COUNTY SUPERIOR COURT'S VEXATIOUS LITIGANT ORDER** |

## I. INTRODUCTION

Appellant, Paul Den Beste, brought causes of action against Appellee, Donald Lewin, John DeMeo and Bradford DeMeo in Bankruptcy Court alleging violations of 11 U.S.C § 362(a), the automatic stay, and 42 U.S.C. § 1983.[1] Pending before the Court is Appellant's appeal from the Bankruptcy Court decision dismissing his Complaint and Amended Complaint, and denying the

---

[1] Beste alleges no action by the DeMeos other than conspiring with Lewin to label Beste a vexatious litigant and failing to remove Beste from the vexatious litigant list after he filed for bankruptcy. The DeMeos did not file any response to this appeal.

Motion for Further Findings of Facts and Conclusions of Law. Appellant seeks to reverse both the Bankruptcy Court's orders and set aside a 2007 Sonoma County Superior Court decision labeling him a vexatious litigant.

## II.     **FACTUAL & PROCEDURAL BACKGROUND**

Three years before Appellant Beste filed for bankruptcy, he was sued by Appellee DeMeo over attorney's fees. *Demeo v. Beste,* No. MCV-178973 (March 27, 2007). During that case, and upon DeMeo's request, in April of 2007, Judge Cox of the Sonoma County Superior Court entered an order declaring Beste a vexatious litigant, finding that "[d]efendants have engaged in a series of actions which repeatedly seek to relitigate the same basic assertion determined against them." *Demeo v. Beste,* No. MCV-178973 (March 27, 2007). Appellee Lewin, pursuant to his duties as clerk of the Sonoma County Court, subsequently filled out the vexatious litigant prefiling order form and sent a copy to the Judicial Council. (Compl. Ex. A.) On this form, Lewin entered Beste's name under the preprinted section stating "[p]laintiff or cross-complainant subject to this order." (Compl. Ex. A.) This may have been clerical error as Beste was clearly a defendant in this action and there is nothing demonstrating that he was a cross-complainant. There are no allegations in the Complaints or Appellant's Briefs however that Lewin took any other relevant action since 2007.

In September of 2010, Beste filed for Chapter 13 Bankruptcy. (Appellee's Responding Brief 4.) In April of 2011, during this bankruptcy, Beste filed an adversary proceeding in Bankruptcy Court against Lynn Searle, a lawyer for one of Beste's creditors, alleging that Searle violated the automatic stay by sending Beste a settlement letter. *In Re Paul and Melody Beste,* Memo Re: Sanctions, No. 10-13558, 1. In May of 2011, Searle filed a Motion to Dismiss, attaching a copy of the vexatious litigant list from the Judicial Council which included Beste's name as a result of the Sonoma County ruling. (Appellee's Responding Brief 5.) This list does not indicate whether Beste was a plaintiff or defendant when he was declared a vexatious litigant. (Compl. Ex. A.) Although it is not entirely clear from the record, it appears that attaching this list had no effect on the Bankruptcy Court's decision to dismiss Beste's case against Searle. Nor does Beste allege that the vexatious litigant list had any effect on the Bankruptcy Court's decision to dismiss that case. The Bankruptcy Court converted Searle's motion to a Motion for Summary Judgment and dismissed the

case based on Searle's declaration claiming she had no knowledge of the stay and therefore could not have willfully violated it. *In Re Paul and Melody Beste,* Memo on Mot. To Make Additional Findings, No. 10-13558, 1.

While Searle's Motion to Dismiss was pending, in June of 2011, Beste sent a letter to Appellee Lewin, clerk of the Sonoma County Superior Court, accusing him of erroneously preparing the vexatious litigant prefiling order by intentionally labeling Beste a plaintiff in the action against the DeMeos when he was in fact a defendant. (Appellant's Opening Brief 3-4.) The letter further asked Lewin to correct these errors and remove Beste from the vexatious litigant list. *Id.*

Lewin took no action and in November of 2011, Beste filed a complaint in Bankruptcy Court claiming that Lewin, on behalf of the DeMeos, intentionally falsified the vexatious litigant prefiling order form he submitted to the Judicial Council by labeling Beste a plaintiff. (Compl. 3.) Beste further alleged that Lewin failed to take action to correct the false and fraudulent prefiling order form and continued use of this form against Beste constitutes a violation of the automatic stay under 11 U.S.C. § 362(a). (Compl. 4.) Lewin filed a Motion to Dismiss the Complaint and on January 5, 2012, Beste filed an Amended Compliant in Bankruptcy Court, the day before the hearing for the Motion to Dismiss the original Complaint and outside the 21 day time limits for filing an amended complaint. (Tr. Case No. 10-13558, 5, January 6, 2012.) The Amended Complaint alleged the same fraudulent actions as the Complaint yet it added a claim against Lewin for violation of 42 U.S.C. § 1983, stating that he violated Beste's due process rights when he falsified the prefiling order. (Amended Compl. 7.) On January 6, 2012, the Bankruptcy Court granted Lewin's Motion to Dismiss, dismissing both the Original and Amended Complaints. (Tr. Case No. 10-13558, 7, January 6, 2012.)

On January 23 2012, Beste filed a Motion for Further Findings and to amend the order granting the Motion to Dismiss. (P.'s Mot. To Make Further Findings). Beste claims that the Bankruptcy Court's order did not adequately explain why the continued operation of Lewin's falsified vexatious litigant order did not violate the bankruptcy stay. (Appellant's Opening Brief 15.) The Bankruptcy Court denied this motion. Finally, in March of 2012, the Bankruptcy Court

denied discharge of Beste's debts thus bringing the automatic stay to an end. (Appellee's Responding Brief 4.)

On May 30, 2012 Beste filed an appeal asking this Court to reverse the Bankruptcy Court's decision to dismiss his Complaint and Amended Complaint and to set aside the vexatious litigant prefiling order entered in 2007 by the Sonoma County Superior Court. (Appellant's Opening Brief 15.)

### III. DISCUSSION

A. <u>Standard of Review for Appeals of Bankruptcy Court Decisions</u>

The scope or applicability of the automatic stay under the Bankruptcy Code is reviewed de novo because it is a question of law. *See McCarthy, Johnson & Miller v. N. Bay Plumbing, Inc. (In Re Pettit),* 217 F.3d 1072, 1077 (9th Cir. 2000). The standard for review of a Bankruptcy Court's decision to grant a motion to dismiss is also de novo. *See In Re Warren,* 568 F.3d 1113, 1116 (9th Cir. 2009).

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks Sch. of Bus. v. Symington,* 51 F.3d 1480, 1484 (9th Cir.1995). In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer,* 568 F.3d 1063, 1067 (9th Cir.2009). While "a complaint need not contain detailed factual allegations ... it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009); *see also Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Iqbal,* 129 S.Ct. at 1949.

B. Affirmance of Bankruptcy Court's Dismissal

1. Adequacy of Bankruptcy Court's Findings

After the Bankruptcy Court granted Lewin's Motion to Dismiss, Beste filed a Motion for Further Findings of Fact and Conclusions of Law. (Appellant's Opening Brief 14.) The Bankruptcy Court proceeded to dismiss this motion as well and Beste challenges this dismissal on appeal. (Appellant's Opening Brief 14.) In his Opening Brief, Beste argues that the Bankruptcy Court made no findings of fact or conclusions demonstrating how the continued operation of the pre-filing order does not violate the automatic stay. (Appellant's Opening Brief 15.) At the hearing for the Motion to Dismiss the Complaint, the Bankruptcy Court noted in the record that "I find there is absolutely no authority for the idea that if someone files a bankruptcy, they can undo a pre-bankruptcy finding of vexatious litigation." (Tr. Case No. 10-13558, 4, January 6, 2012.) Under FRCP 52(a)(3), the court is not required to state findings or conclusions when ruling on a motion under Rule 12. Fed. R. Civ. P 52(a)(3). The Bankruptcy Court therefore provided adequate explanation for dismissing the Complaint and thus properly dismissed the Motion to Make Further Findings of Fact and Conclusions of Law.

2. No Violation of the Stay

Upon initiation of bankruptcy proceedings, an automatic stay goes into effect, pausing litigation against the debtor. *See* 11 U.S.C. § 362. The automatic stay in a bankruptcy proceeding has two purposes. *Dean v. Trans World Airlines, Inc.,* 72 F.3d 754, 755 (9th Cir. 1995). First, it is designed to give debtors breathing space from hungry creditors by stopping all collection efforts so the debtor may attempt some sort of repayment or reorganization plan. *Id.* Second, the stay protects creditors by ensuring that other creditors are not "racing to various courthouses to pursue independent remedies to drain the debtor's assets." *Id.* at 755-756.

The automatic stay applies to many categories of litigation involving the debtor and his estate. *See* 11 U.S.C. § 362. Section 362(a)(1) operates as a stay of

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the

5

case under this title.

11 U.S.C. § 362(a)(1).

###### a. Entry of the Vexatious Litigant Order

Although it is not entirely clear, it appears that Beste alleges Lewin violated the automatic stay in two ways. First, Beste claims being labeled a vexatious litigant is a "judicial proceeding that continues to operate against him," and thus Lewin violated the stay by entering the order. (Appellant's Opening Brief 8) (quoting 11 U.S.C. § 362(a)(1)). Beste also claims Lewin fraudulently falsified the prefiling order form he sent to the Judicial Council and failed to correct this form when he was made aware of Beste's bankruptcy. (Appellant's Opening Brief 8.) These arguments have no merit for many reasons.

Judge Cox of the Sonoma County Superior Court entered the vexatious litigant order, not Lewin. Lewin merely filled out the paperwork and provided the Judicial Council a copy of the prefiling order form pursuant to his duties as a clerk of the Sonoma County Superior Court and the requirement under 391.7(f).[2]

First, once a decision has been rendered, it is no longer a continuing proceeding for the purposes of section 362(a). *In re Pettit,* 217 F.3d 1072, 1080 (9th Cir. 2000). This means that the vexatious litigant "proceeding," was over when the order was entered, thus it does not constitute a continuing judicial proceeding for the purposes of violating a bankruptcy stay enacted three years later.

Moreover, any act done by Lewin falls under the Ministerial act exception to an automatic bankruptcy stay. *See In re Pettit,* 217 F.3d 1072, 1076 (9th Cir. 2000) (adopting the Ministerial Act exception to the automatic stay and finding that although District Court Judge signed an order releasing funds hours before the debtor filed for bankruptcy, clerks subsequent ministerial act of issuing the check did not violate the stay even though it occurred after the bankruptcy petition was filed). *See also Rexnord Holdings, Inc., v. Bidermann,* 21 F.3d 522, 527 (2nd Cir. 1994) (finding an

---

[2] California Code of Civil Procedure § 391.7(f) provides "[t]he clerk of the court shall provide the Judicial Council a copy of any prefiling orders issued pursuant to subdivision (a). The Judicial Council shall maintain a record of vexatious litigants subject to those prefiling orders and shall annually disseminate a list of those persons to the clerks of the courts of this state.

act of entry of judgment by court clerk was ministerial act that did not violate the stay). "This exception stems from the common sense principle that a judicial proceeding within the meaning of section 362(a) ends once a decision on the merits has been rendered. Ministerial acts or automatic occurrences that entail no deliberation, discretion, or judicial involvement do not constitute continuations of such a proceeding." *Pettit,* 217 F.3d at 1076. Therefore, Lewin's act would not have violated the stay even if it occurred after Beste filed for bankruptcy.

Beste further alleges that Lewin purposefully and fraudulently called Beste a plaintiff on the 2007 prefiling order Lewin submitted to the Judicial Council. (Appellee Responding Brief 3.) Beste was in fact a defendant when he was labeled a vexatious litigant and contends that Lewin's failure to later correct this paperwork constitutes a violation of the automatic stay. (Appellee Responding Brief 3,4.) This argument has no merit. First, the form where Beste is labeled a plaintiff is a pre-printed form that states "[n]ame of Plaintiff or Cross-complainant subject to this order." (Compl. Ex. A.) Second, whether Beste is labeled a plaintiff or a defendant is of no consequence. Beste is not arguing that Lewin entered the vexatious litigant order against the wrong person. Nor could he, as Judge Cox's findings clearly indicate that he was discussing Beste. *DeMeo v. Beste,* MCV-178973, at * 5, (March 27, 2007) ("Defendants have engaged in a series of actions which repeatedly seek to relitigate the same basic assertion determined against them"). Also, there is no mention of "plaintiff" or "defendant" on the vexatious litigant list. (Compl. Ex. b) Judge Cox stated independent reasons for declaring Beste a vexatious litigant and labeling a vexatious litigant a "plaintiff" or "defendant" on the prefiling form sent to the Judicial Council had no bearing on the final vexatious litigant list. There is therefore no merit to the claim that Lewin fraudulently labeled Beste a plaintiff or continues to violate the automatic stay by not correcting this error.

b. <u>Enforcement of Vexatious Litigant Order</u>

It is not clear whether Beste is challenging enforcement of the prefiling order or just the mere status of being labeled a vexatious litigant. However, there is no evidence in the record that the vexatious litigant order was ever enforced, by Lewin or anyone else, against Beste during his bankruptcy stay.

There is no evidence in the record that the Bankruptcy Court enforced the vexatious litigant prefiling order in *Beste v. Searle* when it granted summary judgment in favor of Searle. In that case, as mentioned above, Beste claimed Searle violated the automatic stay by sending him a settlement letter. (Memo Re: Sanctions, No. 10-13558, 1.) The court found that Beste engaged in sanctionable conduct when he sued Searle, a creditor's lawyer, without listing her on his schedules or making any attempt to ensure she knew about the automatic stay. (Memo on Mot. To Make Additional Findings, No. 10-13558, 2.) The court dismissed the action, crediting Searle's declaration that she had no knowledge of the automatic stay, and finding that she therefore could not have willfully violated it. *Id.* at 1. Therefore, although Searle attached the vexatious litigant list to her Motion to Dismiss, the Bankruptcy Court did not rely on this list in dismissing the claim against Searle. There is nothing on the record showing the Bankruptcy Court relied on this list at all.[3]

Lewin also did not enforce the vexatious litigant order pre- or post-petition. Lewin merely provided the Judicial Council a copy of the vexatious litigant profiling order in 2007 pursuant to his job as a clerk of the Sonoma County Superior Court and California Code of Civil Procedure § 391.7(f). The only action Beste alleges that Lewin performed post-bankruptcy is failing to correct the fraudulent prefiling form he entered in 2007. As discussed above, this argument is without merit. Therefore, to the extent that Beste's Complaint alleges Lewin enforced the pre-filing order, that allegation was properly dismissed.

### 3. Appropriate Dismissal of the Amended Complaint

The original Complaint in this matter includes allegations that Lewin falsified the prefiling order form he submitted to the Judicial Council, failed to take action to correct the false and fraudulent prefiling order form and that continued use of this form against Beste is a violation of the automatic stay under section 362. (Compl. 3,4.) In his Amended Complaint Beste added a claim

---

[3] Appellee argues that even if the pre-filing order had been enforced against Beste after he filed for bankruptcy, the Order falls within the regulatory exception to the automatic stay. (Appellee Responding Brief 16.) Under 11 U.S.C. § 362(b)(4), a continuation of an action or proceeding by a governmental unit to enforce its police or regulatory powers is not a violation of the automatic stay. 11 U.S.C. § 362(b)(4). The vexatious litigant statutes are similarly "designed to curb misuse of the court system." *Shalant v. Girardi*, 51 Cal.4th 1164, 1169 (2011). However, this exception is irrelevant as there is no allegation in the complaint that a governmental unit, or even a governmental employee in their official capacity, is enforcing the vexatious litigant order.

8

1 against Lewin for violation of 42 U.S.C. § 1983. (Amended Compl. 7.)

2 During the hearing for the Motions to Dismiss the original Complaint, counsel for Lewin asked the Bankruptcy Court to also rule on the Amended Complaint. (Tr. Case No. 10-13558, 4, January 6, 2012.) After hearing arguments regarding the Amended Complaint, the court dismissed the Amended Complaint with prejudice on grounds it was not timely and it is "still based on the same meritless legal position." (Tr. Case No. 10-13558, 7, January 6, 2012.)

On appeal, Beste argues that the Amended Complaint should have been liberally construed and there was no grounds to dismiss the Amended Complaint because there was no motion to dismiss pending for that complaint. (Appellant's Opening Brief 13.) However, federal judges may dismiss complaints *sua sponte* when they fail to state a claim, but must give notice of their intention to invoke Rule 12(b)(6) and afford plaintiff an opportunity to submit a written memorandum in opposition of such motion. *Wong v. Bell,* 642 F.2d 359, 362-363 (9th Cir. 1981). "[S]uch a dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service, Inc.,* 813 F.2d 986, 991 (9th Cir. 1987).

a. Section 1983 Claim

Although the Bankruptcy Court did not specifically address the § 1983 claim when it dismissed the Amended Complaint, this claim still fails. The § 1983 claim involves the same allegations that Lewin conspired to have Beste labeled a vexatious litigant by falsely labeling him a plaintiff in the action against the DeMeos. (Amended Compl. 7.) It is not clear what Constitutional right Beste claims was deprived, although it appears he is making a due process argument. *Id.* The Amended Complaint states if Beste attempts to defend himself he will be "denied defendant protections of the Constitution," and cites a section from the California Constitution concerning defending life, liberty and property. *Id.* First, § 1983 claims can only be brought to enforce rights of the United States Constitution and not those of the California Constitution. *See Baker v. McCollan,* 443 U.S. 137, 146-147 (1979). Second, there is no merit to any claim that Beste was deprived of due process rights. As stated above, Judge Cox of the Sonoma County Superior Court independently declared Beste a vexatious litigant despite being a defendant in the action. *DeMeo v. Beste,* MCV-178973, at * 5, (March 27, 2007). The vexatious litigant list subsequently published by

the Judicial Council was unaffected by Lewin's labeling Beste as plaintiff or cross-complainant. Beste suffered no cognizable deprivation. Lewin therefore could not have deprived Beste of any due process rights.

Lewin argues however that even if he did injure Beste, that he is immune from liability under California Government Code § 821.6. (Appellee's Responding Brief 17.) Section 821.6 provides "[a] public employee is not liable for any injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Cal. Gov. Code § 821.6. The principal use of this statute is to immunize prosecutors against claims of malicious prosecution, but it can be used for other things. *Kayfetz v. State of California,* 156 Cal. App. 3d 491, 496 (1984) (Medical Board published a physician's violation in an "action report," as part of the statutory scheme for the enforcement of the Medical Practices Act and court found that the "institution or prosecution of proceedings" cover both charges and disposition and therefore, the public employee was immune for publishing as this was part of the disposition).

Lewin was similarly acting pursuant to his duties as a clerk and the vexatious litigant statutory requirements under section 391.7(f) which mandate sending a prefiling order to the Judicial Council. While there is no case directly on point, the language of section 821.6 appears to immunize Lewin from liability in this context, and Beste cites no authority to the contrary.[4]

        b.     Declaring Defendant a Vexatious Litigant

Beste's Amended Complaint also claims there is no provision in California where a plaintiff can bring or be granted a motion to declare a defendant a vexatious litigant. (Amend. Compl. 5.) Beste does not seem to raise this issue on appeal yet it is still without merit. *See First Western Development Corp. v. Superior Court,* 212 Cal. App. 3d 860 (1989) (ordering lower court to grant plaintiff's motion to declare defendant a vexatious litigant). Furthermore, the statutes relied upon by

---

[4] Lewin also argues that he is protected by absolute quasi-judicial immunity. (Appellee Responding Brief 17.) Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process. *Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1390 (9th Cir. 1987). However, the Supreme Court holds there is no judicial immunity for purely ministerial acts. *Antoine v Byers & Anderson, Inc.,* 508 U.S. 429 (1993). Therefore Lewin is not protected by absolute quasi-judicial immunity.

1 Judge Cox in making the vexatious litigant determination do not distinguish between plaintiff and
2 defendant. *See DeMeo v. Beste,* MCV-178973, at *4-5.

3     C.     <u>No Reversal of Sonoma County Superior Court's Vexatious Litigant Order Against Beste</u>

4     Beste also asks this Court to set aside the judgment by the Sonoma County Superior Court
5 labeling him a vexatious litigant. (Appellant's Opening Brief 12.) However, the Rooker-Feldman
6 doctrine states that a federal court has no jurisdiction to set aside state court rulings. (Appellee
7 Responding Brief 21.) *See also Kougasian v. TMSL, Inc.,* 359 F.3d 1136, 1139 (9th Cir. 2004)
8 (finding a federal court is barred "from exercising subject matter jurisdiction over a suit that is a de
9 facto appeal from a state court judgement"); *Bashkin v. Hickman,* 411 Fed. Appx. 998 (9th Cir.
10 2011) (finding challenging a vexatious litigant order is barred by the Rooker-Feldman doctrine).

11     Beste argues that "Rooker-Feldman does not bar a federal suit to set aside a state court
12 judgment obtained through extrinsic fraud." (Appellant's Opening Brief 12) (quoting *Kougasian v.*
13 *TMSL, Inc.,* 359 F.3d at 1141. As stated above, there is no evidence in the record that the vexatious
14 litigant order was obtained through fraud. Judge Cox held Beste was a vexatious litigant because he
15 "engaged in a series of actions which repeatedly seek to relitigate the same basic assertion." *DeMeo*
16 *v. Beste,* MCV-178973, at * 5, (March 27, 2007). Therefore, this Court has no jurisdiction to set
17 aside this ruling.

18     **IV.     <u>CONCLUSION</u>**

19     The Court **AFFIRMS** the Bankruptcy Court's orders and **DENIES** the motion to set aside
20 the Sonoma County Superior Court's order.

21     The Clerk of the Court is instructed to enter judgment in accordance with this order and close
22 the file in this case.

24     IT IS SO ORDERED.

26 Dated: November 20, 2012

                                                            _____
27                                                             EDWARD M. CHEN
28                                                             United States District Judge