**United States District Court**
For the Northern District of California

1
2
3
4
5                          UNITED STATES DISTRICT COURT

6                         NORTHERN DISTRICT OF CALIFORNIA

7

8    PAUL DEN BESTE,                              No. C-12-1625 EMC

9              Appellant,                         No. C-12-1626 EMC

10        v.                                      **CONSOLIDATED CASES**

11   DONALD LEWIN,

12             Appellee.                          **ORDER (1) AFFIRMING**
                                        /         **BANKRUPTCY COURT'S ORDER**
13                                                **DISMISSING COMPLAINT AND**
                                                  **AMENDED COMPLAINT AND**
                                                  **DENYING MOTION FOR FURTHER**
14   PAUL DEN BESTE,                              **FINDINGS; AND (2) DENYING**
                                                  **MOTION TO SET ASIDE SONOMA**
15             Appellant,                         **COUNTY SUPERIOR COURT'S**
                                                  **VEXATIOUS LITIGANT ORDER**
16        v.

17   JOHN F. DE MEO, BRADFORD J. DE MEO,

18             Appellees.
                                        /
19

20

21                          **I.    INTRODUCTION**

22        Appellant, Paul Den Beste, brought causes of action against Appellee, Donald Lewin, John

23   DeMeo and Bradford DeMeo in Bankruptcy Court alleging violations of 11 U.S.C § 362(a), the

24   automatic stay, and 42 U.S.C. § 1983.[1]  Pending before the Court is Appellant's appeal from the

25   Bankruptcy Court decision dismissing his Complaint and Amended Complaint, and denying the

26

27         [1]  Beste alleges no action by the DeMeos other than conspiring with Lewin to label Beste a
28   vexatious litigant and failing to remove Beste from the vexatious litigant list after he filed for
     bankruptcy.  The DeMeos did not file any response to this appeal.

**United States District Court**

For the Northern District of California

1   Motion for Further Findings of Facts and Conclusions of Law.  Appellant seeks to reverse both the

2   Bankruptcy Court's orders and set aside a 2007 Sonoma County Superior Court decision labeling

3   him a vexatious litigant.

4                            II.   **FACTUAL & PROCEDURAL BACKGROUND**

5           Three years before Appellant Beste filed for bankruptcy, he was sued by Appellee DeMeo

6   over attorney's fees. *Demeo v. Beste,* No. MCV-178973 (March 27, 2007).  During that case, and

7   upon DeMeo's request, in April of 2007, Judge Cox of the Sonoma County Superior Court entered

8   an order declaring Beste a vexatious litigant, finding that "[d]efendants have engaged in a series of

9   actions which repeatedly seek to relitigate the same basic assertion determined against them."

10  *Demeo v. Beste,* No. MCV-178973 (March 27, 2007).  Appellee Lewin, pursuant to his duties as

11  clerk of the Sonoma County Court, subsequently filled out the vexatious litigant prefiling order form

12  and sent a copy to the Judicial Council.  (Compl. Ex. A.)  On this form, Lewin entered Beste's name

13  under the preprinted section stating "[p]laintiff or cross-complainant subject to this order."  (Compl.

14  Ex. A.)  This may have been clerical error as Beste was clearly a defendant in this action and there is

15  nothing demonstrating that he was a cross-complainant.  There are no allegations in the Complaints

16  or Appellant's Briefs however that Lewin took any other relevant action since 2007.

17          In September of 2010, Beste filed for Chapter 13 Bankruptcy.  (Appellee's Responding Brief

18  4.) In April of 2011, during this bankruptcy, Beste filed an adversary proceeding in Bankruptcy

19  Court against Lynn Searle, a lawyer for one of Beste's creditors, alleging that Searle violated the

20  automatic stay by sending Beste a settlement letter. *In Re Paul and Melody Beste,* Memo Re:

21  Sanctions, No. 10-13558, 1.  In May of 2011, Searle filed a Motion to Dismiss, attaching a copy of

22  the vexatious litigant list from the Judicial Council which included Beste's name as a result of the

23  Sonoma County ruling.  (Appellee's Responding Brief 5.)  This list does not indicate whether Beste

24  was a plaintiff or defendant when he was declared a vexatious litigant.  (Compl. Ex. A.)  Although it

25  is not entirely clear from the record, it appears that attaching this list had no effect on the

26  Bankruptcy Court's decision to dismiss Beste's case against Searle.  Nor does Beste allege that the

27  vexatious litigant list had any effect on the Bankruptcy Court's decision to dismiss that case.  The

28  Bankruptcy Court converted Searle's motion to a Motion for Summary Judgment and dismissed the

**United States District Court**

For the Northern District of California

1   case based on Searle's declaration claiming she had no knowledge of the stay and therefore could

2   not have willfully violated it. *In Re Paul and Melody Beste,* Memo on Mot. To Make Additional

3   Findings, No. 10-13558, 1.

4   　　　While Searle's Motion to Dismiss was pending, in June of 2011, Beste sent a letter to

5   Appellee Lewin, clerk of the Sonoma County Superior Court, accusing him of erroneously preparing

6   the vexatious litigant prefiling order by intentionally labeling Beste a plaintiff in the action against

7   the DeMeos when he was in fact a defendant.  (Appellant's Opening Brief 3-4.)  The letter further

8   asked Lewin to correct these errors and remove Beste from the vexatious litigant list. *Id.*

9   　　　Lewin took no action and in November of 2011, Beste filed a complaint in Bankruptcy Court

10  claiming that Lewin, on behalf of the DeMeos, intentionally falsified the vexatious litigant prefiling

11  order form he submitted to the Judicial Council by labeling Beste a plaintiff.  (Compl. 3.)  Beste

12  further alleged that Lewin failed to take action to correct the false and fraudulent prefiling order

13  form and continued use of this form against Beste constitutes a violation of the automatic stay under

14  11 U.S.C. § 362(a).  (Compl. 4.)  Lewin filed a Motion to Dismiss the Complaint and on January 5,

15  2012, Beste filed an Amended Compliant in Bankruptcy Court, the day before the hearing for the

16  Motion to Dismiss the original Complaint and outside the 21 day time limits for filing an amended

17  complaint.  (Tr. Case No. 10-13558, 5, January 6, 2012.)  The Amended Complaint alleged the same

18  fraudulent actions as the Complaint yet it added a claim against Lewin for violation of 42 U.S.C. §

19  1983, stating that he violated Beste's due process rights when he falsified the prefiling order.

20  (Amended Compl. 7.) On January 6, 2012, the Bankruptcy Court granted Lewin's Motion to

21  Dismiss, dismissing both the Original and Amended Complaints.  (Tr. Case No. 10-13558, 7,

22  January 6, 2012.)

23  　　　On January 23 2012, Beste filed a Motion for Further Findings and to amend the order

24  granting the Motion to Dismiss.  (P.'s Mot. To Make Further Findings).  Beste claims that the

25  Bankruptcy Court's order did not adequately explain why the continued operation of Lewin's

26  falsified vexatious litigant order did not violate the bankruptcy stay.  (Appellant's Opening Brief

27  15.)  The Bankruptcy Court denied this motion.  Finally, in March of 2012, the Bankruptcy Court

28

1   denied discharge of Beste's debts thus bringing the automatic stay to an end. (Appellee's

2   Responding Brief 4.)

3           On May 30, 2012 Beste filed an appeal asking this Court to reverse the Bankruptcy Court's

4   decision to dismiss his Complaint and Amended Complaint and to set aside the vexatious litigant

5   prefiling order entered in 2007 by the Sonoma County Superior Court. (Appellant's Opening Brief

6   15.)

7                               **III.    DISCUSSION**

8   A.      Standard of Review for Appeals of Bankruptcy Court Decisions

9           The scope or applicability of the automatic stay under the Bankruptcy Code is reviewed de

10  novo because it is a question of law. *See McCarthy, Johnson & Miller v. N. Bay Plumbing, Inc. (In*

11  *Re Pettit),* 217 F.3d 1072, 1077 (9th Cir. 2000). The standard for review of a Bankruptcy Court's

12  decision to grant a motion to dismiss is also de novo. *See In Re Warren,* 568 F.3d 1113, 1116 (9th

13  Cir. 2009).

14          Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the

15  failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A motion to

16  dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks*

17  *Sch. of Bus. v. Symington,* 51 F.3d 1480, 1484 (9th Cir.1995). In considering such a motion, a court

18  must take all allegations of material fact as true and construe them in the light most favorable to the

19  nonmoving party, although "conclusory allegations of law and unwarranted inferences are

20  insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer,* 568 F.3d 1063, 1067 (9th

21  Cir.2009). While "a complaint need not contain detailed factual allegations ... it must plead 'enough

22  facts to state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when

23  the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

24  defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937,

25  1949, 173 L. Ed.2d 868 (2009); *see also Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556, 127 S. Ct.

26  1955, 167 L. Ed.2d 929 (2007). "The plausibility standard is not akin to a 'probability requirement,'

27  but it asks for more than sheer possibility that a defendant acted unlawfully." *Iqbal,* 129 S.Ct. at

28  1949.

**United States District Court**
For the Northern District of California

4

**United States District Court**
For the Northern District of California

1    B.       Affirmance of Bankruptcy Court's Dismissal

2              1.       Adequacy of Bankruptcy Court's Findings

3              After the Bankruptcy Court granted Lewin's Motion to Dismiss, Beste filed a Motion for

4    Further Findings of Fact and Conclusions of Law.  (Appellant's Opening Brief 14.)  The Bankruptcy

5    Court proceeded to dismiss this motion as well and Beste challenges this dismissal on appeal.

6    (Appellant's Opening Brief 14.)  In his Opening Brief, Beste argues that the Bankruptcy Court made

7    no findings of fact or conclusions demonstrating how the continued operation of the pre-filing order

8    does not violate the automatic stay.  (Appellant's Opening Brief 15.)  At the hearing for the Motion

9    to Dismiss the Complaint, the Bankruptcy Court noted in the record that "I find there is absolutely

10   no authority for the idea that if someone files a bankruptcy, they can undo a pre-bankruptcy finding

11   of vexatious litigation."  (Tr. Case No. 10-13558, 4, January 6, 2012.)  Under FRCP 52(a)(3), the

12   court is not required to state findings or conclusions when ruling on a motion under Rule 12.  Fed.

13   R. Civ. P 52(a)(3).  The Bankruptcy Court therefore provided adequate explanation for dismissing

14   the Complaint and thus properly dismissed the Motion to Make Further Findings of Fact and

15   Conclusions of Law.

16             2.       No Violation of the Stay

17             Upon initiation of bankruptcy proceedings, an automatic stay goes into effect, pausing

18   litigation against the debtor.  *See* 11 U.S.C. § 362.  The automatic stay in a bankruptcy proceeding

19   has two purposes.  *Dean v. Trans World Airlines, Inc.,* 72 F.3d 754, 755 (9th Cir. 1995).  First, it is

20   designed to give debtors breathing space from hungry creditors by stopping all collection efforts so

21   the debtor may attempt some sort of repayment or reorganization plan.  *Id.*  Second, the stay protects

22   creditors by ensuring that other creditors are not "racing to various courthouses to pursue

23   independent remedies to drain the debtor's assets."  *Id.* at 755-756.

24             The automatic stay applies to many categories of litigation involving the debtor and his

25   estate.  *See* 11 U.S.C. § 362.  Section 362(a)(1) operates as a stay of

26                      the commencement or continuation, including the issuance or
                        employment of process, of a judicial, administrative, or other action or
27                      proceeding against the debtor that was or could have been commenced
                        before the commencement of the case under this title, or to recover a
28                      claim against the debtor that arose before the commencement of the

5

**United States District Court**
For the Northern District of California

1    case under this title.

2    11 U.S.C. § 362(a)(1).

3        a.    Entry of the Vexatious Litigant Order

4        Although it is not entirely clear, it appears that Beste alleges Lewin violated the automatic

5    stay in two ways.  First, Beste claims being labeled a vexatious litigant is a "judicial proceeding that

6    continues to operate against him," and thus Lewin violated the stay by entering the order.

7    (Appellant's Opening Brief 8) (quoting 11 U.S.C. § 362(a)(1)).  Beste also claims Lewin

8    fraudulently falsified the prefiling order form he sent to the Judicial Council and failed to correct

9    this form when he was made aware of Beste's bankruptcy.  (Appellant's Opening Brief 8.)  These

10   arguments have no merit for many reasons.

11       Judge Cox of the Sonoma County Superior Court entered the vexatious litigant order, not

12   Lewin.  Lewin merely filled out the paperwork and provided the Judicial Council a copy of the

13   prefiling order form pursuant to his duties as a clerk of the Sonoma County Superior Court and the

14   requirement under 391.7(f).[2]

15       First, once a decision has been rendered, it is no longer a continuing proceeding for the

16   purposes of section 362(a).  *In re Pettit,* 217 F.3d 1072, 1080 (9th Cir. 2000).  This means that the

17   vexatious litigant "proceeding," was over when the order was entered, thus it does not constitute a

18   continuing judicial proceeding for the purposes of violating a bankruptcy stay enacted three years

19   later.

20       Moreover, any act done by Lewin falls under the Ministerial act exception to an automatic

21   bankruptcy stay.  *See In re Pettit,* 217 F.3d 1072, 1076 (9th Cir. 2000) (adopting the Ministerial Act

22   exception to the automatic stay and finding that although District Court Judge signed an order

23   releasing funds hours before the debtor filed for bankruptcy, clerks subsequent ministerial act of

24   issuing the check did not violate the stay even though it occurred after the bankruptcy petition was

25   filed).  *See also Rexnord Holdings, Inc., v. Bidermann,* 21 F.3d 522, 527 (2nd Cir. 1994) (finding an

26

27       [2] California Code of Civil Procedure § 391.7(f) provides "[t]he clerk of the court shall
     provide the Judicial Council a copy of any prefiling orders issued pursuant to subdivision (a).  The
28   Judicial Council shall maintain a record of vexatious litigants subject to those prefiling orders and
     shall annually disseminate a list of those persons to the clerks of the courts of this state.

6

United States District Court

For the Northern District of California

1    act of entry of judgment by court clerk was ministerial act that did not violate the stay).  "This

2    exception stems from the common sense principle that a judicial proceeding within the meaning of

3    section 362(a) ends once a decision on the merits has been rendered.  Ministerial acts or automatic

4    occurrences that entail no deliberation, discretion, or judicial involvement do not constitute

5    continuations of such a proceeding." *Pettit,* 217 F.3d at 1076.  Therefore, Lewin's act would not

6    have violated the stay even if it occurred after Beste filed for bankruptcy.

7         Beste further alleges that Lewin purposefully and fraudulently called Beste a plaintiff on the

8    2007 prefiling order Lewin submitted to the Judicial Council.  (Appellee Responding Brief 3.) Beste

9    was in fact a defendant when he was labeled a vexatious litigant and contends that Lewin's failure to

10   later correct this paperwork constitutes a violation of the automatic stay.  (Appellee Responding

11   Brief 3,4.)  This argument has no merit.  First, the form where Beste is labeled a plaintiff is a pre-

12   printed form that states "[n]ame of Plaintiff or Cross-complainant subject to this order." (Compl.

13   Ex. A.)  Second, whether Beste is labeled a plaintiff or a defendant is of no consequence.  Beste is

14   not arguing that Lewin entered the vexatious litigant order against the wrong person.  Nor could he,

15   as Judge Cox's findings clearly indicate that he was discussing Beste.  *DeMeo v. Beste,* MCV-

16   178973, at * 5, (March 27, 2007) ("Defendants have engaged in a series of actions which repeatedly

17   seek to relitigate the same basic assertion determined against them").  Also, there is no mention of

18   "plaintiff" or "defendant" on the vexatious litigant list. (Compl. Ex. b)  Judge Cox stated

19   independent reasons for declaring Beste a vexatious litigant and labeling a vexatious litigant a

20   "plaintiff" or "defendant" on the prefiling form sent to the Judicial Council had no bearing on the

21   final vexatious litigant list.  There is therefore no merit to the claim that Lewin fraudulently labeled

22   Beste a plaintiff or continues to violate the automatic stay by not correcting this error.

23              b.       Enforcement of Vexatious Litigant Order

24        It is not clear whether Beste is challenging enforcement of the prefiling order or just the mere

25   status of being labeled a vexatious litigant.  However, there is no evidence in the record that the

26   vexatious litigant order was ever enforced, by Lewin or anyone else, against Beste during his

27   bankruptcy stay.

28

**United States District Court**

For the Northern District of California

1    There is no evidence in the record that the Bankruptcy Court enforced the vexatious litigant

2    prefiling order in *Beste v. Searle* when it granted summary judgment in favor of Searle.  In that case,

3    as mentioned above, Beste claimed Searle violated the automatic stay by sending him a settlement

4    letter.  (Memo Re: Sanctions, No. 10-13558, 1.)  The court found that Beste engaged in sanctionable

5    conduct when he sued Searle, a creditor's lawyer, without listing her on his schedules or making any

6    attempt to ensure she knew about the automatic stay.  (Memo on Mot. To Make Additional Findings,

7    No. 10-13558, 2.)  The court dismissed the action, crediting Searle's declaration that she had no

8    knowledge of the automatic stay, and finding that she therefore could not have willfully violated it.

9    *Id.* at 1.  Therefore, although Searle attached the vexatious litigant list to her Motion to Dismiss, the

10   Bankruptcy Court did not rely on this list in dismissing the claim against Searle.  There is nothing on

11   the record showing the Bankruptcy Court relied on this list at all.[3]

12   Lewin also did not enforce the vexatious litigant order pre- or post-petition.  Lewin merely

13   provided the Judicial Council a copy of the vexatious litigant profiling order in 2007 pursuant to his

14   job as a clerk of the Sonoma County Superior Court and California Code of Civil Procedure §

15   391.7(f).  The only action Beste alleges that Lewin performed post-bankruptcy is failing to correct

16   the fraudulent prefiling form he entered in 2007.  As discussed above, this argument is without

17   merit.  Therefore, to the extent that Beste's Complaint alleges Lewin enforced the pre-filing order,

18   that allegation was properly dismissed.

19        3.        Appropriate Dismissal of the Amended Complaint

20   The original Complaint in this matter includes allegations that Lewin falsified the prefiling

21   order form he submitted to the Judicial Council, failed to take action to correct the false and

22   fraudulent prefiling order form and that continued use of this form against Beste is a violation of the

23   automatic stay under section 362.  (Compl. 3,4.)  In his Amended Complaint Beste added a claim

24

25        [3] Appellee argues that even if the pre-filing order had been enforced against Beste after he
     filed for bankruptcy, the Order falls within the regulatory exception to the automatic stay.  (Appellee
26   Responding Brief 16.)  Under 11 U.S.C. § 362(b)(4), a continuation of an action or proceeding by a
     governmental unit to enforce its police or regulatory powers is not a violation of the automatic stay.
27   11 U.S.C. § 362(b)(4).  The vexatious litigant statutes are similarly  "designed to curb misuse of the
     court system." *Shalant v. Girardi*, 51 Cal.4th 1164, 1169 (2011).  However, this exception is
28   irrelevant as there is no allegation in the complaint that a governmental unit, or even a governmental
     employee in their official capacity, is enforcing the vexatious litigant order.

United States District Court

For the Northern District of California

1  against Lewin for violation of 42 U.S.C. § 1983.  (Amended Compl. 7.)

2  During the hearing for the Motions to Dismiss the original Complaint, counsel for Lewin

3  asked the Bankruptcy Court to also rule on the Amended Complaint.  (Tr. Case No. 10-13558, 4,

4  January 6, 2012.)  After hearing arguments regarding the Amended Complaint, the court dismissed

5  the Amended Complaint with prejudice on grounds it was not timely and it is "still based on the

6  same meritless legal position."  (Tr. Case No. 10-13558, 7, January 6, 2012.)

7  On appeal, Beste argues that the Amended Complaint should have been liberally construed

8  and there was no grounds to dismiss the Amended Complaint because there was no motion to

9  dismiss pending for that complaint.  (Appellant's Opening Brief 13.)  However, federal judges may

10  dismiss complaints *sua sponte* when they fail to state a claim*,* but must give notice of their intention

11  to invoke Rule 12(b)(6) and afford plaintiff an opportunity to submit a written memorandum in

12  opposition of such motion.  *Wong v. Bell,* 642 F.2d 359, 362-363 (9th Cir. 1981).  "[S]uch a

13  dismissal may be made without notice where the claimant cannot possibly win relief."  *Omar v. Sea-*

14  *Land Service, Inc.,* 813 F.2d 986, 991 (9th Cir. 1987).

15  a.  Section 1983 Claim

16  Although the Bankruptcy Court did not specifically address the § 1983 claim when it

17  dismissed the Amended Complaint, this claim still fails.  The § 1983 claim involves the same

18  allegations that Lewin conspired to have Beste labeled a vexatious litigant by falsely labeling him a

19  plaintiff in the action against the DeMeos.  (Amended Compl. 7.)  It is not clear what Constitutional

20  right Beste claims was deprived, although it appears he is making a due process argument.  *Id.*  The

21  Amended Complaint states if Beste attempts to defend himself he will be "denied defendant

22  protections of the Constitution," and cites a section from the California Constitution concerning

23  defending life, liberty and property.  *Id.*  First, § 1983 claims can only be brought to enforce rights of

24  the United States Constitution and not those of the California Constitution.  *See Baker v. McCollan,*

25  443 U.S. 137, 146-147 (1979).  Second, there is no merit to any claim that Beste was deprived of

26  due process rights.  As stated above, Judge Cox of the Sonoma County Superior Court

27  independently declared Beste a vexatious litigant despite being a defendant in the action.  *DeMeo v.*

28  *Beste,* MCV-178973, at * 5, (March 27, 2007).  The vexatious litigant list subsequently published by

**United States District Court**

For the Northern District of California

1   the Judicial Council was unaffected by Lewin's labeling Beste as plaintiff or cross-complainant.

2   Beste suffered no cognizable deprivation.  Lewin therefore could not have deprived Beste of any due

3   process rights.

4          Lewin argues however that even if he did injure Beste, that he is immune from liability under

5   California Government Code § 821.6.  (Appellee's Responding Brief 17.)  Section 821.6 provides

6   "[a] public employee is not liable for any injury caused by his instituting or prosecuting any judicial

7   or administrative proceeding within the scope of his employment, even if he acts maliciously and

8   without probable cause."  Cal. Gov. Code § 821.6.  The principal use of this statute is to immunize

9   prosecutors against claims of malicious prosecution, but it can be used for other things.  *Kayfetz v.*

10  *State of California,* 156 Cal. App. 3d 491, 496 (1984) (Medical Board published a physician's

11  violation in an "action report," as part of the statutory scheme for the enforcement of the Medical

12  Practices Act and court found that the "institution or prosecution of proceedings" cover both charges

13  and disposition and therefore, the public employee was immune for publishing as this was part of the

14  disposition).

15         Lewin was similarly acting pursuant to his duties as a clerk and the vexatious litigant

16  statutory requirements under section 391.7(f) which mandate sending a prefiling order to the Judicial

17  Council.  While there is no case directly on point, the language of section 821.6 appears to

18  immunize Lewin from liability in this context, and Beste cites no authority to the contrary.[4]

19                        b.         Declaring Defendant a Vexatious Litigant

20         Beste's Amended Complaint also claims there is no provision in California where a plaintiff

21  can bring or be granted a motion to declare a defendant a vexatious litigant.  (Amend. Compl. 5.)

22  Beste does not seem to raise this issue on appeal yet it is still without merit.  *See First Western*

23  *Development Corp. v. Superior Court,* 212 Cal. App. 3d 860 (1989) (ordering lower court to grant

24  plaintiff's motion to declare defendant a vexatious litigant).  Furthermore, the statutes relied upon by

25  _____

26         [4] Lewin also argues that he is protected by absolute quasi-judicial immunity.  (Appellee
    Responding Brief 17.)  Court clerks have absolute quasi-judicial immunity from damages for civil
27  rights violations when they perform tasks that are an integral part of the judicial process.  *Mullis v.*
    *U.S. Bankr. Court*, 828 F.2d 1385, 1390 (9th Cir. 1987).  However, the Supreme Court holds there is
28  no judicial immunity for purely ministerial acts.  *Antoine v Byers & Anderson, Inc.,* 508 U.S. 429
    (1993).  Therefore Lewin is not protected by absolute quasi-judicial immunity.

**United States District Court**
For the Northern District of California

1  Judge Cox in making the vexatious litigant determination do not distinguish between plaintiff and

2  defendant.  *See DeMeo v. Beste,* MCV-178973, at *4-5.

3  C.       No Reversal of Sonoma County Superior Court's Vexatious Litigant Order Against Beste

4        Beste also asks this Court to set aside the judgment by the Sonoma County Superior Court

5  labeling him a vexatious litigant.  (Appellant's Opening Brief 12.)  However, the Rooker-Feldman

6  doctrine states that a federal court has no jurisdiction to set aside state court rulings.  (Appellee

7  Responding Brief 21.)  *See also Kougasian v. TMSL, Inc.,* 359 F.3d 1136, 1139 (9th Cir. 2004)

8  (finding a federal court is barred "from exercising subject matter jurisdiction over a suit that is a de

9  facto appeal from a state court judgement"); *Bashkin v. Hickman,* 411 Fed. Appx. 998 (9th Cir.

10  2011) (finding challenging a vexatious litigant order is barred by the Rooker-Feldman doctrine).

11        Beste argues that "Rooker-Feldman does not bar a federal suit to set aside a state court

12  judgment obtained through extrinsic fraud."  (Appellant's Opening Brief 12) (quoting *Kougasian v.*

13  *TMSL, Inc.,* 359 F.3d at 1141.  As stated above, there is no evidence in the record that the vexatious

14  litigant order was obtained through fraud.  Judge Cox held Beste was a vexatious litigant because he

15  "engaged in a series of actions which repeatedly seek to relitigate the same basic assertion."  *DeMeo*

16  *v. Beste,* MCV-178973, at * 5, (March 27, 2007).  Therefore, this Court has no jurisdiction to set

17  aside this ruling.

18                          **IV.    CONCLUSION**

19        The Court **AFFIRMS** the Bankruptcy Court's orders and **DENIES** the motion to set aside

20  the Sonoma County Superior Court's order.

21        The Clerk of the Court is instructed to enter judgment in accordance with this order and close

22  the file in this case.

23

24        IT IS SO ORDERED.

25

26  Dated:  November 20, 2012

27  _____

EDWARD M. CHEN

28  United States District Judge

11