UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DEN BESTE,<br><br>　　　　Appellant,<br><br>　　v.<br><br>DONALD LEWIN,<br><br>　　　　Appellee.<br>_____/<br><br>PAUL DEN BESTE,<br><br>　　　　Appellant,<br><br>　　v.<br><br>JOHN F. DE MEO, BRADFORD J. DE MEO,<br><br>　　　　Appellees.<br>_____/ | No. C-12-1625 EMC<br><br>No. C-12-1626 EMC<br><br>**CONSOLIDATED CASES**<br><br>**ORDER DENYING APPELLANT'S MOTION FOR RECONSIDERATION**<br><br>**(Docket No. 38)** |

　　　On November 20, 2012, this Court issued an order affirming the Bankruptcy Court's decisions to dismiss the complaint and amended complaint and denying Appellant's motion to set aside the state court vexatious litigant ruling. *Beste v. Lewin,* 2-cv-01625; 12-cv-01626 EMC WL 2012 5877483.  On November 21, counsel for Appellees John DeMeo and Bradford DeMeo sent a letter notifying the Court that the November 20 order erroneously stated the DeMeos did not file responsive pleading on appeal.  Letter from DeMeos to Court (Nov. 21, 2012, Docket No. 37).  On November 21, Appellant Paul Den Beste also sent a letter to this Court confirming that the DeMeos

had filed a brief on appeal, and claiming that this Court made two errors in the November 20 Order. Letter from Beste to Court (Nov. 2, 2012, Docket No. 38).

As a preliminary matter, the DeMeos and Beste are correct in pointing out that the DeMeos did in fact file a responsive brief in this case. Their brief contains arguments similar to those advanced in Appellee Lewin's brief and discussed in the November 20 order. The same analysis affirming the Bankruptcy Court's ruling in favor of Lewin, with the exception of the ministerial exception, also apply to the DeMeos. The DeMeos could not have possibly violated the automatic stay by moving to label Beste a vexatious litigant three years prior to the stay, or by failing to remove Beste from the vexatious litigant list when made aware of the stay. As stated in the Order,

> once a decision has been rendered, it is no longer a continuing proceeding for the purposes of section 362(a). *In re Pettit*, 217 F.3d 1072, 1080 (9th Cir.2000). This means that the vexatious litigant "proceeding," was over when the order was entered, thus it does not constitute a continuing judicial proceeding for the purposes of violating a bankruptcy stay enacted three years later.

*Beste v. Lewin*, Nos. C-12-1625 EMC, C-12-1626 EMC, 2012 WL 5877483, at *4 (Nov. 20, 2012). Furthermore, much of this Court's rationale in affirming the Bankruptcy Court's dismissal of the § 1983 claim also applies to the DeMeos. The DeMeos, like Lewin, could not have violated Beste's Constitutional rights as Beste has shown "no cognizable deprivation" of due process rights. *Id.* at *6. The November 20 order affirmed the Bankruptcy Court's dismissal of the claims against both Lewin and the DeMeos, and there is nothing in the DeMeos' brief that would change this Court's analysis or alter the result.

Although Beste does not style his letter as a motion, the Court construes this letter as a motion for reconsideration under Local Rule 7-9. Under Local Rule 7-9(a) any party may make a motion requesting leave to file a motion for reconsideration of any interlocutory order made by that Judge. Local Rule 7-9(a). A motion for leave to file a motion for reconsideration may be granted where the moving party shows, *inter alia*, a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented before the Court before such interlocutory order. Local Rule 7-9(b)(3). Beste has two complaints with the Order this Court issued on November 20, 2012: (1) Beste claims this Court mistakenly ruled on a motion to set aside the

1  Sonoma County Superior Court's vexatious litigant order, since no such motion was before this
2  court and; (2) Beste claims that this court misstated the law in regards to *First Western Development*
3  *Corp., v. Superior Court,* 212 Cal. App. 3d 860 (1989).
4      As to Beste's first objection, while his brief was not entirely clear, it did appear to request
5  that this Court set aside the state court's pre-filing order. His brief argues that this Court has the
6  authority to set aside the state court's vexatious litigant order. Appellant's Opening Brief 11-12;
7  Appellant's Reply Brief 5. Beste's Opening Brief and Reply Brief each contained a section
8  discussing the *Rooker-Feldman* doctrine and how it does not apply to this case. Appellant's
9  Opening Brief 11-12; Appellant's Reply Brief 5. Under the *Rooker-Feldman* doctrine, "[I]f a
10 plaintiff brings a de facto appeal from state court judgment, *Rooker-Feldman* requires that the
11 district court dismiss the suit for lack of subject matter jurisdiction." *Kougaisian v. TMSL, Inc.,* 359
12 F.3d 1136, 1139 (2004). Beste proceeded to cite two cases in both briefs for the proposition that a
13 federal court may set aside a state court ruling when that ruling was obtained through extrinsic fraud.
14 *See* Appellant's Opening Brief, 12; Appellant's Reply Brief, 6. Beste then argued that there is no
15 doubt the prefiling order in this case was obtained through fraud. (Appellant's Opening Brief, 12.)
16 In his Reply Brief, Beste claimed that only a plaintiff can be labeled a vexatious litigant, essentially
17 calling into question Judge Cox's authority to label Beste a vexatious litigant under the applicable
18 law. *See* Appellant's Reply Brief 4. Thus, while the briefs were not entirely clear, it appears Beste
19 was in fact asking this Court to set aside the state court's vexatious litigant order.
20     Finally, Beste is correct that this Court misstated the facts in regards to *First Western*
21 *Development Corp., v. Superior Court*, 212 Cal. App. 3d 860 (1989). Contrary to what this Court
22 stated in its Order, the court in that decision did not order the lower court to grant Plaintiff's motion
23 labeling Defendant a vexatious litigant. *See First Western Development Corp., v. Superior Court,*
24 212 Cal. App. 3d 860 (1989). In *First Western,* the appeals court ordered the lower court to grant
25 the Petitioner's motion to label the Respondent, who was the plaintiff in the lower court action, a
26 ///
27 ///
28 ///

vexatious litigant.[1] *Id.* at 871. This misstatement does not however change the outcome of this case, as there is still no law before this Court establishing that a defendant cannot be labeled a vexatious litigant. As stated in the Order, the statute relied upon by Judge Cox in making the vexatious litigant determination does not distinguish between plaintiff and defendant. *See DeMeo v. Beste,* MCV-178973, at *4-5. Also, when Beste appealed the Superior Court's denial of Beste's motion to dissolve the vexatious litigant injunction, the Appellate Department of the Superior Court affirmed the Superior Court's reliance on C.C.P. 391(b)(3) and stated

> C.C.P. 391(b)(3) provides that any person can be declared a vexatious litigant under this section if they repeatedly file unmeritorious motions, pleadings or other papers, conduct unnecessary discovery or engage in other tactics that are frivolous or solely intended to cause unnecessary delay. *Such a person could be either a plaintiff or defendant*.

*DeMeo v. Den Beste*, Case No. MCV-178973 (Cal. App. Dep't. Super. Ct. Dec. 15, 2009) (Docket No. 8-8 at 35).

In conclusion, the November 20, 2012 Order issued by this Court applies to the DeMeos as they did not violate the automatic stay or deprive Beste of any constitutional rights. This Court also affirms its order denying the motion to set aside the state court vexatious litigant order as Beste's

///
///
///
///
///
///
///
///

---

[1] Beste also cites two cases which he states hold that "the vexatious litigant statutes are for the exclusive use of defendants against plaintiffs." Letter from Beste to Court (Docket No. 38). Both cases, however, concern the *enforcement* of vexatious litigant prefiling orders, not the question of who can be labeled a vexatious litigant. *See Shalant v. Girardi*, 51 Cal. 4th 1164 (2011); *Mahdavi v. Superior Court*, 166 Cal. App. 4th 32 (2008).

briefs appear to have requested such relief.  Finally, while this Court misstated the holding in *Western Development,* this error does not change the outcome herein.  The motion for reconsideration is therefore **DENIED**.

This order disposes of Docket Nos. 37 and 38.

IT IS SO ORDERED.

Dated:  December 3, 2012

_____
EDWARD M. CHEN
United States District Judge