UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DEN BESTE,<br><br>    Appellant,<br><br>    v.<br><br>DONALD LEWIN,<br><br>    Appellee.<br>_____/<br><br>PAUL DEN BESTE,<br><br>    Appellant,<br><br>    v.<br><br>JOHN F. DE MEO, BRADFORD J. DE MEO,<br><br>    Appellees.<br>_____/ | No. C-12-1625 EMC<br><br>No. C-12-1626 EMC<br><br>**CONSOLIDATED CASES**<br><br>**ORDER DENYING APPELLANT'S MOTION TO VACATE JUDGMENT**<br><br>**(Docket No. 40)** |

In this bankruptcy appeal, Appellant has filed a motion to vacate judgment entered pursuant to this Court's order affirming the order of the Bankruptcy Court and denying Appellant's motion to set aside a state court order. Docket No. 35, 36. Appellant had brought causes of action against Appellees in Bankruptcy Court alleging violations of 11 U.S.C § 362(a), the automatic stay, and 42 U.S.C. § 1983. The Bankruptcy Court dismissed Appellant's Complaint and Amended Complaint, and denied his Motion for Further Findings of Facts and Conclusions of Law. Appellant filed this appeal, seeking an order reversing the Bankruptcy Court's order, and setting aside a 2007 Sonoma County Superior Court decision labeling him a vexatious litigant.

On November 20, 2012, this Court issued an order affirming the Bankruptcy Court's decisions to dismiss the complaint and amended complaint and denying Appellant's motion to set aside the state court vexatious litigant ruling. *Beste v. Lewin,* 2-cv-01625; 12-cv-01626 EMC WL 2012 5877483. On November 21, 2012, Appellant filed a letter claiming two errors in the Court's November 20, 2012: (1) that this Court mistakenly ruled on a motion to set aside the Sonoma County Superior Court's vexatious litigant order, since no such motion was before this court and; (2) Beste claims that this court misstated the holding of one of the cases cited in the order. This Court construed the letter as a motion for reconsideration under Local Rule 7-9, and denied the motion. This Court found that Appellant had indeed asked this Court to set aside the Superior Court order, and that though the November 20, 2012 misstated the holding of the case Appellant identified, this error did not change the result reached in the November 20 order. Docket No. 39.

Appellant now files the instant motion to vacate the November 20, 2012 order, arguing that the facts in the appellate record and this Court's own analysis requires the Court to vacate the order and set aside the Superior Court vexatious litigant order. The Court finds this matter suitable for disposition without oral argument and **VACATES** the hearing set for February 7, 2013.

## I. DISCUSSION

Appellant's argument in this motion, as it was in his appellate brief and motion for reconsideration, is that the Sonoma County Superior Court order declaring him a vexatious litigant was contrary to state law. Appellant was the defendant in that case, and he argues that California law permits only plaintiffs to be labeled vexatious litigants.

As an initial matter, Appellees argue that Appellant's motion should be construed as a motion for rehearing under Rule 40 of the Federal Rules of Appellate Procedure, because those rules govern bankruptcy appeals in District Court. Neither of the rules they cite for this proposition, however, explicitly so state. *See* Fed. R. App. P. 6(b)(1) (concerning appeals in bankruptcy cases *from* district courts or bankruptcy appellate panels); 28 U.S.C. § 158(c)(2) (providing that bankruptcy appeals to the district courts "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts" but not explicitly providing which procedural rules apply). The Court's local bankruptcy rules provide that

2

> When the Bankruptcy Rules, the FRCivP and the Civil L.R. are silent as to a particular matter of practice on an appeal to the District Court from the Bankruptcy Court, the assigned District Judge may apply the Rules of the United States Court of Appeals for the Ninth Circuit, the FRAppP, and the Rules of the United States Bankruptcy Appellate Panel of the Ninth Circuit.

Local Bankruptcy Rule 8007-1(d). Regardless of whether this Court analyzes Appellant's current motion as a motion for rehearing under Fed. R. App. P. 40 or a motion for relief from judgment under Fed. R. Civ. P. 60, Appellant fails to establish that he is entitled to reconsideration of this Court's earlier order.

Petitions for rehearing under Fed. R. App. P. 40 must be made within 14 days after the entry of judgment. The judgment Appellant now challenges was entered on November 20, 2012. The current motion was filed on December 18, 2012. Under this rule, therefore, the motion is untimely.

Motions for relief from judgment under Fed. R. Civ. P. 60 must be filed "within a reasonable time" not to exceed one year. Fed. R. Civ. P. 60(c). Under this rule, Appellant's motion is timely. Appellant requests relief from judgment based on the sections of Rule 60 allow such relief based on "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Appellant's Mot. at 2 (citing Fed. R. Civ. P. 60(b)(1) & (6)). Specifically, he argues that this Court's reasoning in the order denying reconsideration requires reversal of the November 20, 2012 order. Appellant is incorrect for two reasons.

First, Appellant misconstrues a footnote in this Court's December 3, 2012 order denying reconsideration. In that order, this Court stated:

> Beste also cites two cases which he states hold that "the vexatious litigant statutes are for the exclusive use of defendants against plaintiffs." Letter from Beste to Court (Docket No. 38). Both cases, however, concern the *enforcement* of vexatious litigant prefiling orders, not the question of who can be labeled a vexatious litigant. *See Shalant v. Girardi*, 51 Cal. 4th 1164 (2011); *Mahdavi v. Superior Court*, 166 Cal. App. 4th 32 (2008).

Docket No. 39 at 4 n.1. Appellant persists in arguing that these cases preclude entering a vexatious litigant order against a defendant. However, as this Court already noted, the cases Appellant cites merely limit the *enforcement* of a vexatious litigant order – once one is designated a vexatious litigant, a subsequent enforcement order can be applied only to persons acting in the capacity of a

1  plaintiff, not a defendant (defendants cannot be precluded from defending themselves). There is no
2  limit, however, on the original *designation* of a party as a vexatious litigant – one can be designated
3  as a result of vexatious conduct occurring while acting as either a plaintiff or defendant. Here, for
4  example, Appellant was designated a vexatious litigant for his conduct in a previous suit in which he
5  was a defendant; but the vexatious litigant order could now be enforced against him in a suit where
6  he is a plaintiff.[1]

7  Appellant also points to another case which he contends holds that a defendant may not have
8  a vexatious litigant order entered against him. In that case, *People v. Harrison*, the court held that
9  the district court had erred in entering a pre-filing order against a criminal defendant. 92 Cal. App.
10 4th 780, 787 (2001). The court there held that the vexatious litigant statutes do not apply to criminal
11 cases, and that it was procedurally improper for the trial court to declare the defendant a vexatious
12 litigant sua sponte rather than on a motion from an opposing party. *Id.* While the court does contain
13 language in dicta that may seem to suggest that the statute only contemplates vexatious litigants who
14 are plaintiffs, the court there does not hold, as Appellant claims, that "an order declaring a civil
15 defendant a vexatious litigant would be . . . procedurally defective." Appellant's Mot. at 6.[2] Nor
16 does the court address the fact, noted in this Court's previous orders, that the definition of vexatious
17 litigant under the applicable statute does not limit that category to plaintiffs, and specifies conduct
18 that could be engaged in by either a plaintiff or defendant. This case thus does not support
19 Appellant's position.

---

[1] As noted in this Court's previous orders, there is no evidence in the record that the vexatious litigant order was actually enforced against him in this matter.

[2] Appellant points to the following passage in particular:

> While a court may enter a prefiling order on its own motion, the statutes do not appear to envision that a court may, on its own motion, find a plaintiff to be a vexatious litigant in the first instance. Insofar as the record shows, and assuming Harrison could qualify as a "plaintiff" within the meaning of the statutes, no "defendant" made an appropriate motion, and no hearing was held. Accordingly, the order was procedurally defective.

*Harrison*, 92 Cal. App. 4th at 787.

1    Second, even if Appellant were somehow able to establish that the Superior Court had erred
2 in declaring him a vexatious litigant, he offers no argument that this Court has jurisdiction to set
3 aside that order. As this Court held in the November 20 order, the Rooker-Feldman doctrine
4 provides that federal courts lack jurisdiction to set aside state court rulings. Docket No. 35 at 11
5 (citing *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (finding a federal court is
6 barred "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state
7 court judgement"); *Bashkin v. Hickman*, 411 Fed. Appx. 998 (9th Cir. 2011) (finding challenging a
8 vexatious litigant order is barred by the Rooker-Feldman doctrine)).

## II.   CONCLUSION

As Appellant has failed to demonstrate that he has met the standard for either a motion to for relief from judgment or a motion for rehearing, his motion is **DENIED.**

This order disposes of Docket No. 40.

IT IS SO ORDERED.

Dated: February 5, 2013

EDWARD M. CHEN
United States District Judge

5